FILED

2019 JAN 22 PM 4: 52

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| EDWARD AHN KIM,<br><br>       Plaintiff,<br><br>vs.<br><br>MIN SUN CHA,<br><br>       Defendant. | Domestic Case No. DM0376-16<br><br>**DECISION AND ORDER** |

## INTRODUCTION

Defendant wants a stay of this Court's decision until after an appeal is decided by the Supreme Court of Guam. This matter is before the Honorable Michael J. Bordallo. Plaintiff Edward Ahn Kim ("Plaintiff") is represented by Daniel S. Somerfleck, Esq. of Somerfleck & Associates, PLLC. Defendant Min Sun Cha ("Defendant") is represented by Gloria L. Rudolph, Esq. of Lujan & Wolff, LLP. After having received and reviewed the papers, arguments, and the file herein, the Court hereby **GRANTS** the Motion For Stay Pending Appeal ("Motion For Stay").

## BACKGROUND

This matter arises out of Plaintiff's Complaint for Divorce ("Complaint") filed July 18, 2016. Defendant failed to respond to the Complaint after numerous attempts at service of

process, including publication, and a year after the Complaint, on July 25, 2017, the Court entered both an Interlocutory Default Judgment of Divorce and a Final Decree of Divorce ("Final Decree"). That same day, July 25, 2017, the Court granted to Plaintiff sole legal and physical custody, pendente lite, of the parties' minor child, Alexander Cha Kim (DOB: 09/24/14) ("Minor"). Defendant was ordered to immediately return Minor from Korea to Guam to be placed in Plaintiff's care. Eight months later, on March 28, 2018, Defendant through counsel finally made her first appearance in the case and moved the Court to set aside the entry of default judgment and the Final Decree on the basis of various arguments related to inadequate service of process. The Court issued a Decision and Order ("Decision and Order") on June 28, 2018 denying this Motion. Decision and Order 6. On July 13, 2018, Defendant appealed the Decision and Order to the Supreme Court of Guam. Two weeks later, Defendant filed a motion to stay the Decision and Order pending the appeal. Mot. for Stay Pending Appeal. The matter of the Motion For Stay is now before the Court.

## FACTS

1. The parties were married in Seoul, Korea on Oct. 14, 2012 and separated on June 11, 2016 after three years and seven months of marriage. Compl. for Divorce, 1, 2.

2. They have one child, a boy, now four years old: Alexander Cha Kim (DOB 9/24/2014). Id. at 2.

3. On April 29, 2016, Defendant and Minor traveled to Korea. Id. at 2.

4. Plaintiff believed this trip to be a six-week visit, but Defendant and Minor never returned to Guam. Plaintiff stated that the parties' date of separation was June 11, 2016, apparently on or about the day they were supposed to return but did not. Ex Parte Mot. For Order to Show Cause Re: Pendente Lite Custody Orders and Mem. of P. & A. 2, Mar. 8, 2017.

5. Defendant and Minor still have not yet returned to Guam in spite of court orders to Defendant to return Minor to Plaintiff on Guam. See Order After Hearing, July 25, 2017.

6. The divorce was finalized and the final decree issued with no opposition or communication from Defendant in spite of multiple attempts at service, including publication. Declaration of Publication, Sep. 14, 2016; Final Decree of Divorce, Jul. 25, 2017.

7. Eight months after the final divorce decree, on Mar. 8, 2018, Defendant made a first appearance in the case in which she moved the Court to set aside the divorce decree due to inadequate service of process. Mem. in Supp. of Def.'s Mot. to Set Aside Entry of Default J. Under Rules 60(b) and 55(c) And to Vacate Warrants.

8. This Court denied the Motion to Set Aside in the Decision and Order, and Defendant filed an appeal of that decision to the Supreme Court of Guam. Notice of Appeal, July 13, 2018.

9. Defendant then filed the Motion For Stay on July 30, 2018.

10. The Court will now address the matter of Defendant's Motion For Stay.

**ISSUE**

1. Whether this Court should grant the Motion For Stay.

**PRINCIPLES OF LAW**

This Court has discretionary authority to stay an injunction pending an appeal. See Guam R. Civ. P. 62(c). With regard to technical defects in service of process, Courts are split about whether actual service can cure such technical defects. See, e.g., Elbardissy v. Beta Theta Pi, Conn. Super. Ct., Docket No. CV-15-6013917-S (2016); Murphy v. Price, 131 Or. App. 693, 698-99 (1994); Bibble v. Car-Lene, Inc, 67 Cal. App. 4th 295, 313 (1998); Lenoir v. Fed.

Deposit Ins. Corp., 709 F. Supp. 830, 832 (N.D. Ill. 1989); Williams v. Williams, 150 S.W.3d 436, 443-44 (Tex. App. 2004). The Supreme Court of Guam has not yet reached the issue of "whether actual notice may cure a technical defect in service." Pineda v. Pineda, 2005 Guam 10 ¶ 18 n. 7. With regard to a stay bond, "[n]o such security shall be required" of a party in domestic relations cases. Guam R. Civ. P. 65(c).

## ANALYSIS

Although this Court denied Defendant's motion to set aside the interlocutory divorce decree and Final Decree, Defendant has made an appeal of that decision to the Supreme Court of Guam. No evidence suggests that the Motion For Stay is frivolous or that Defendant is otherwise filing it in bad faith, such as to try to delay proceedings. Considering the split among jurisdictions over the issue of whether actual service can cure a technical deficiency in how process is served, and considering that the Supreme Court of Guam has not settled the matter, Defendant's appeal does not seem unusual. Because this case is a domestic relations case, no party will be required to post a security bond, per GRCP 65(c). This Court finds, in its discretion, that it is best to await the outcome of the appeal before proceeding with other matters in this case, since the decision of the appeal could affect or undo any decisions this Court might make about the case now. Therefore this Court will grant the Motion For Stay.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court **GRANTS** Defendant's Motion For Stay Pending Appeal.

SO ORDERED, this ___22___ day of _____ 2019.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
_SOMERFIELD_
_LUJAN_
Date:_1/22/19_ Time:_5 PM_
_UHAMOA_
Deputy Clerk, Superior Court of Guam

Page 4 of 4